We're going to alter the approach to the second argued case, Laser Dynamics v. Quantic Computer. We thought we'd give counsel notice of how we're going to have that case argued so they can think about it before they have to stand up. What we're going to do is we're going to separate the argument on the main appeal and the cross appeal. We're going to have argument first on the cross appeal with 15 minutes aside, and we'd like counsel to focus particularly on the three issues of implied license exhaustion and the correct date for the hypothetical negotiation. And then we're going to have a separate argument on the main appeal on the issue of the new trial, and we're going to give 10 minutes aside on that. So that's the way we're going to conduct it, and you can accommodate yourselves to that, hopefully. All right. Our first case is number 2011-3128, Sindor v. Merit Systems Protection Board. Mr. Sindor, did I pronounce that correctly? Yes, that's correct. Good morning, everyone. May it please the Court. My name is Reginald L. Sindor, and I am a pro se petitioner in this petition before the Court. On March 3, 1997, I was appointed and employed with the Social Security Administration in the Voorhees, New Jersey, hearings office as an administrative law judge. In January 2009, I retired from that Social Security Administration appointment and federal employment, a retirement which I appealed to the Merit Systems Protection Board as being coerced and a destructive removal by the Social Security Administration. In the petition before this Court, I seek the view of the Board's order dismissing my appeal for a retirement action before the Board for lack of Board jurisdiction and collateral espionage. I also seek this Court's review of the prior faulty Board procedure from which the Board formed the basis for its claim of lack of Board jurisdiction and collateral espionage. If the Board's order is allowed to stand, the Board will again have denied me the original Board jurisdiction and statutory due process procedure to review and determine and appeal to Social Security Administrative Law Judge adverse action against me. In the 1998 decision, the Board said that the provisions of 7521 did not apply to a suitability determination. That's correct. And that was based on regulations which said that. Suitability, yes. And so what was wrong with the original decision, putting to one side the collateral estoppel question? Well, the original decision is wrong for two reasons. First of all, it was decided by a Board Administrative Law Judge and in the context of 5 U.S.C. 7521 and 5 U.S.C. 551 at second, the Administrative Procedures Act. That was a faulty Board procedure to begin with because a suitability determination in all the penalties associated with that is an adverse action against an Administrative Law Judge which is subject to statutory due process procedure. But the regulation says it's not, right? That's a Board regulation. And in the court case Aguzzi and Varn versus the Office of Personnel Management, the Board itself acknowledged that an OPM regulation cannot supersede and circumvent a statutory due process. In that particular case, that was an ordinary federal employee, not an Administrative Law Judge. But the principle still stands that a Board regulation which both the Board and the OPM conceded in that case cannot circumvent statutory due process to remove or discipline a federal employee, let alone an Administrative Law Judge. What new or different argument would have been presented in the 1998 proceedings before the NLJA as opposed to the Board NLJA? The difference is, first of all, there's a standard of review which is different. The standard of review for an Administrative Law Judge is a showing of good cause by the employing agency for any adverse action. The Administrative Judge, which is contrary to the Administrative Procedures Act, decided that that particular suitability takes on, in effect, a service standard of review. The Board itself acknowledged that those two standards of review are not the same. Also, if you look at the In Re Speum versus Social Security Administration, the evidence that is illicit at a hearing for an Administrative Law Judge gives the Administrative Law Judge an opportunity to present evidence as to their performance on the job as an Administrative Law Judge. And to present that information was coded void for any suitability determination by an Administrative Law Judge. That's the difference. The adverse action that came out of that, again, is an adverse action that is imposed by the employing agency. The employing agency wasn't even involved in those particular prior Board appeals. And one was, in fact, dismissed for lack of jurisdiction. And there's no way that the Social Security Administration can impose an indefinite suspension on an Administrative Law Judge and there not being Board review pursuant to 5 U.S.C. 7521 and 5 U.S.C. 551, et cetera. Is your theory that the statute trumps the regulations because a suitability determination falls within the category of an adverse action? Is that the idea? Yes. There's no doubt about it. A suitability determination is an adverse action against an Administrative Law Judge. And, in fact, there was not very much to go on because this is the first time that, at least in my research, I've ever seen a suitability action brought against an Administrative Law Judge. There's no case law in that matter prior to, as a matter of fact, in the Judge Steele case, a suitability determination wasn't even considered for his falsification of application documents. His case was entirely processed under 5 U.S.C. 7521 and 5 U.S.C. 551, et cetera. But you're met with the government's argument that you're collaterally stopped, that this issue was brought up in the 1998 decision, decided finally, and you're not entitled to relitigate. That's their contention, but their contention is based on a false premise. You probably should address that. Yes. That contention is based on a decision by an Administrative Judge that is totally out of the context of 5 U.S.C. 7521, which is the statutory due process procedure for any adverse action against an Administrative Law Judge. But it still resulted in a final decision in 1998. It was a final decision in 1998 on a suitability determination. It was not a final decision on any adverse action brought by a Social Security Administration. Now, you were arguing in 1998 that you had been deprived of your 7521 rights. Yes. And I thought the response to that in that time period was that this regulation that was in place took away your 7521 rights because it was a suitability case. And the argument, I think, would be if you were going to mount the argument that the statute trumps the regs, that was the opportunity to do so. And it wasn't raised. And decided adversely. Decided adversely by an Administrative Judge, not an Administrative Law Judge. There's a difference. I think that was because the ruling was that that was permissible. That is to say that the regulation trumped the statute. That was what OPM was saying. And that's what the Administrative Judge is saying. That's not what the Board is saying now. When you review what was ruled by the Board in the Agusian-Barnes v. Office of Personnel Management case, that was decided in 2010. The Board cleared that out. And the Board made it specifically clear that an OPM regulation cannot trump a federal statutory due process for the discipline of a federal employee. That was cleared up by the Board itself. Now the Board wants to go back and ignore that decision when it comes to an Administrative Law Judge and when it comes to me. As far as any other Administrative Law Judge, any decision that was rendered by an Administrative Judge, when you look at the McDougall case, the Board has vacated that and remained in the back of proper processing pursuant to 5 U.S.C. 7521 and 551X7, the Administrative Procedures Act. I just do not see how the Board can make an exception and, in my particular case, allow an Administrative Judge outside of the context of the due process procedure for an Administrative Judge to rule on a matter that is so important to the due process of any person being removed from a federal employment job. The statute is clear as to what procedure has to adhere to when it comes to Administrative Law Judge and even the Board in 2010 has made that clear. It is not only for an Administrative Law Judge but for an ordinary federal employee. OPM regulations cannot trump that. That procedure is a statutory due process procedure. It cannot be trumped. Would you like to save the rest of your time for rebuttal? Yes, that being apparently what is the Court's concern. I would like to be able to rebut that particular point in terms of whatever argument the Board now wants to make to try and show that the situation when it comes to me as an Administrative Law Judge is an exception to the 5 U.S.C. 7521 due process procedure. I do have a question for you. Are we to presume harmful errors if the 1998 proceedings have been before an Administrative Law Judge? How is that error harmful? What difference would it make? Well, it would make a difference before an Administrative Law Judge. It would have been a procedure and then I would have had the opportunity to present evidence that wasn't presented in a suitability hearing before an Administrative Judge. It was an adverse proceeding and adverse proceedings against Administrative Law Judge under 5 U.S.C. 7521 The Administrative Judge is given the opportunity to show performance on the job. That's weak. So aside from the standard review, the differences in the standard review that you mentioned, you're saying you would have presented different evidence? I would have presented different evidence. As a matter of fact, in turn, I was really not permitted to present any evidence. I just answered questions. A suitability hearing is not the same as a due process hearing under 5 U.S.C. 7521 for an adverse action against an Administrative Law Judge. It's just not the same. In a suitability hearing, you're not allowed to, at least I wasn't allowed to cross-examine agency officials making the decision. I wasn't allowed to produce witnesses on my behalf. Basically, that knocked down any opportunity I would have to defend an action in a 5 U.S.C. 75 action before an Administrative Law Judge. It's not the same. It's just not the same. Again, the matter of a standard, a so-called standard, a so-called good standard by the employing agency is totally not in the 1998 Administrative Judge decision, adverse decision in terms of my employment with the Social Security Administration. I'd like to... Okay, thank you. We'll restore your two minutes of rebuttal. Mr. Gallagher? Good morning and good day to the court. The petitioner is not entitled to further review of his claim that he was entitled to 7521 procedures back in 1998 when he was removed based on suitability reasons after an OPM investigation. Well, I guess what he's saying to put the best light on his argument is that 7521 is jurisdictional and that he was appearing in the wrong... He was brought before the wrong forum and that that can't be somehow collateral estoppel in the present proceeding. That seems to be pretty much what he's saying. Right. And he made that argument in 1998 before the board and the board's final decision addresses it. He made it on petition for review to the board. The final decision was subject to judicial review. Because he had discrimination claims, the reviewing court was the district court for the District of Maryland, which issued a final judgment upholding the board's final decision. He then appealed to the Fourth Circuit. The Court of Appeals to the Fourth Circuit affirmed the district court's judgment. He filed a petition for certiorari with the Supreme Court and that was denied. We have finality. And courts have long said that when there's a final... The courts have favored the application of collateral estoppel and ratio de cauda by administrative bodies when they attain a final determination. And that's what occurred here. So the board probably found that he's collateral estoppel again raising this issue. He not only raised it to the board... Is the underlying issue here about the effect of the regulation on the 7521 rights, is that an OPM regulation? That is an OPM regulation. That's correct. And why does OPM have the authority to issue regulations on that subject? It was given the authority by statute to conduct these suitability investigations, which they do for all employees, but it's a prerequisite for administrative law judges to be investigated by OPM. And they have the authority to issue regulations related to suitability. And in the regulations they explicitly state that suitability is an exception to 7521 as far as AOJ candidates and AOJ... You know, in the case of Mr. Sidnall, he was actually sitting AOJ by the time that the investigation was finished. Was that regulation promulgated by notice and comment rulemaking? It would have been, yes. And what was the rationale given for exempting 7521 rights when the issue of suitability? Well, the purpose of 7521 is very different from the purpose of suitability regulation. The purpose of 7521, Congress enacted that provision to address a very specific problem, and that is these Article II judges who are hearing claims against their employer, against their employing agency, and they are supposed to be impartial. How can they be impartial if their employer has the right to fire them? Why isn't that implicated by suitability determination also? Because the suitability determination is not made by the employing agency. It's made by OPM. And so all SSA did here was the ministerial paperwork of effecting the removal. But they were directed, they had no choice to retain Mr. Sidnall. They were directed to remove him. So that's why it's not under 7521. Well, the problem is 7521 refers to removal. He was removed. So it seems to come within the language of the statute now. Well, first of all, it should be looked at as part of the entire scheme. But even if we just isolate 7521 and look at the language, the key words there are the employing agency. That's used in the statute. It says, an action may be taken against an administrative law judge under Section 3105 of this title by the agency in which the administrative law judge is employed, only for good cause. Well, Mr. Sidnall was not employed by OPM. He was employed by the Social Security Administration. And the reason for his removal had nothing to do with his performance or his conduct as an AOJ with the Social Security Administration. It was based on his investigation, which OPM had the lawful, under law, had the authority to conduct. And OPM, in its investigation, found that certain documents were falsified in the application process So the rationale for separating the 7521 procedural rights in connection with the suitability termination, you say, is because the suitability termination doesn't really deal with conduct. That's right. It's different. It's not based on his performance or his conduct as an AOJ. It's based on the background investigation that OPM conducts on all AOJs. So the theory would be that the reasons for having the different type of review on Merrick's case don't exist. Is that the theory? When you've made a suitability termination, you're deciding whether someone's suitable to be an AOJ, as opposed to deciding that they need to have some form of action taken against them because of their performance of their duties. That's exactly right. And it's a determination made by OPM exclusively and not the agency. So the concern about the agency trying to retaliate against an administrative judge for reaching a wrong decision doesn't apply. That's exactly right. That's the entire purpose of 7521, is to protect AOJs so that they can be independent. What would you do in a case in which the argument was, and this is not this case, that the agency was trying to influence OPM's decision on suitability? Well, let's say for example the agency had come to the conclusion that this AOJ was misbehaving for some particular reason, and they thought, hmm, we'd rather not run it up on adverse action for his behavior as an AOJ. We'll go over and sort of get OPM interested in whether or not his original filings were all correct. So the agency was complicit, if you will, in the hypothetical with egging OPM on it. It's a mixed case, if you will. I'm not sure how that could happen because the investigation process... What I'm trying to say is in that instance, then you might say, well, there is a better reason for preserving the 7521 rights. There might be. There might be if the allegation is somehow the agency... The problem with the hypothetical that I have is this investigation starts before the employment begins. So the investigation is already going on, and the investigation area is completed before the candidate sits as an AOJ. But I mean, I suppose that's possible. If we went back and dug up the materials that were supplied by OPM when it promulgated this regulation, might we find the rationale there for why they exempted 7521 in suitability situations or declared that 7521 didn't apply? That may be an unfair question because I must confess I haven't looked at the promulgation of those regulations. And I have to confess that I haven't read that Federal Register notice that would have accompanied the regulation. So I don't know if it adequately explained the reason for the authority that OPM has to conduct these investigations. It's clear. And that's what this is basically about. This issue has been litigated not just before the Board and, as I explained, before the District Court for the District of Maryland and before the Court of Appeals for the Fourth Circuit. In 2006, Mr. Sidner raised the issue again in District Court in another claim. Can I ask a question about the McDougall case that's relied on heavily by the appellant? Certainly. That was a constructive removal action, is that correct? That's correct. And so the appellant sort of appealed to the Board and it just by accident went in front of an AOJ. Was there any suitability determinations underlying that case? No, it was not based on suitability. MSPB regulations specifically state that when an AOJ alleges a constructive removal, the case must be assigned to an AOJ. In this case, this most recent case that Mr. Sidner filed, he alleged that he was constructively removed. We maintain that the allegations are frivolous, but for administrative purposes, it was assigned to an AOJ. So there was an AOJ who heard this instant appeal in this case. That's what the MSPB regulations say and that's what McDougall is about. In 1998, it was clear that he was not constructively removed because he was removed based on... I've been trying to get at the authority he was relying on. I didn't see in that opinion any real discussion about the collision between 7521 as a statute and the regulation. Did you understand the Board to be deciding that issue? No, not at all. There's no suitability question in that opinion. What about Mr. Spielman, who we learned about in the reply brief? The Spielman case from 1979, I didn't see any suitability determination in that one either. It's not a suitability case, although it's interesting because it involves some of the charges against him seem to involve things that were discovered during the pre-appointment investigation. But the action is being taken by his employer in that case, so it's appropriate that in that case the AOJ was assigned to hear it. I guess I should point out that although Mr. Sidnor is alleging a constructive removal, this is not a constructive removal. It doesn't fit that type of case at all. If he's bringing that case now based on conduct before, isn't he out of time? He would be if there was an additional issue about time. That's 30 days after the adverse action, right, to bring your case? That's correct. And there are several years involved here. That's correct. If I understand his allegations correctly, and I may not, but I think what he's saying is that once he started receiving federal retirement benefits, that he had a new claim. But the board, and as far as I know, no court has ever recognized a claim based on the fact that he's suddenly receiving retirement benefits instead of being employed as an AOJ. And he says he has a right to be re-employed as an AOJ, but he has not provided any evidence or argument that would support that basis for re-employment. This case has been, I mean, this issue has been litigated and re-litigated in two district courts and two court of appeals, and this is the second time it's been to the board. And so we would ask that the court affirm the board's finding that this is a stop, so that there can be fineness and finality here to this issue. And if the court has no further questions, I will take no more of your time. Okay, thank you very much. Mr. Sundari, you have two minutes or a while. Your Honor, in my last two minutes, my main concern in this whole proceeding against me is that there has never been, in any of my research, there's never been a suitability determination brought against an administrative law judge. This is the first. It's never been before my case. It hasn't been after my case. In Judge Spielman's case, there was an OPM investigation, which found him in violation of falsification of documents. And OPM, in that case, said that the matter was for the Social Security Administration to resolve the employing agency. It didn't take the suitability approach. And as far as the suitability determination in this case, OPM's investigation was stimulated by the Social Security Administration. It wasn't something OPM picked up on their own. There was a call to the Office of Personnel Management to conduct an investigation based on... So that is a record? That's not a record. And, of course, it's not a record because this isn't based on suitability. I've served my debarment with that, and that's on me. And as far as the reinstatement to the Social Security Administration, the OPM has confirmed it. It said that there's no right for me to be reinstated. And this suitability removal certainly is in direct conflict with 5 U.S.C. 7521. And if it's a permanent removal, certainly I should have been given the same rights as every other administrative law judge was given with the Social Security Administration. There has never been another administrative law judge, Social Security Administration or any other agency, that has gone through a suitability determination and removed in the manner that I have been removed. And never has there been a situation where an administrative judge has passed judgment on it. And even in a situation where that was done in the Dubois case, the board correctly referred it back under the guise of 5 U.S.C. 7521. Okay. Thank you very much, Mr. Sundar. Thank you, Mr. Gallagher. The case is submitted.